**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

KENNETH WAYNE FERNANDEZ, Civil File No. 21-CV-1433 (MJD/ECW)

Plaintiff,

v. **ORDER**

RISK MANAGEMENT; MCTC; and MINNEAPOLIS POLICE,

Defendants.

---

Plaintiff Kenneth Wayne Fernandez did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. See Docket No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, the Court concludes that Fernandez qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the

factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Fernandez alleges in his complaint that the Court has jurisdiction over this proceeding because the case presents a federal question of law. See Compl. at 3 [Docket No. 1] (citing 28 U.S.C. § 1331). To the extent that Fernandez attempts to invoke federal law as a source for relief, however, his allegations are conclusory to the point of being almost nonsensical. For example — and this example is one of the very few allegations raised at all in the minimalistic pleading — Fernandez alleges that "[t]he risk management adjuster committed insurance fraud and identity theft, copyright infringement, patent infringement, securities fraud,

education discrimination, quid pro quo & hostile work environment, and other liabilities." Id. at 4. Taken as a unified whole, this sentence is nearly gibberish. But even when broken into its component parts, the sentence fails to state a claim on which relief may be granted. There is no basis provided in the complaint from which a factfinder could conclude that any of the defendants committed "copyright infringement," "patent infringement," or any of the other federal-law causes of action mentioned (no copyright or patent is mentioned anywhere else in the pleading).

Fernandez does come closer to the mark with respect to one allegation: that he suffered head trauma while exiting the Minneapolis Community & Technical College (defendant MCTC) and that the "public safety system" of that school was responsible. Id. at 4. Although the allegation is brief and somewhat cryptic, Fernandez here at least provides an allegation regarding how he was harmed and who he believes to have been responsible, unlike the laundry list of labels he offers elsewhere in the complaint.

That said, there is no obvious federal-law basis for relief from this allegation. Each of the most obvious causes of action that might arise from this allegation (negligence and intentional torts) would arise under state law, not

federal law. Section 1331, the statutory basis purported by Fernandez for the Court's jurisdiction over this matter, does not supply original jurisdiction over claims arising under state law, and Fernandez does not allege that the parties are of diverse citizenship such that 28 U.S.C. § 1332(a) could supply original jurisdiction over the claims. And the Eighth Circuit has instructed district courts to decline to exercise supplemental jurisdiction over state-law claims where, as here, all federal-law claims are dismissed prior to trial. See Hervey v. County of Koochiching, 527 F.3d 711, 727 (8th Cir. 2008).

Accordingly, this matter will be dismissed without prejudice — the federal-law claims pursuant to § 1915(e)(2)(B); the state-law claims for lack of jurisdiction — and Fernandez's IFP application will be denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of plaintiff Kenneth Wayne Fernandez [Docket No. 2] is DENIED.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 22, 2021

s/Michael J. Davis
Michael J. Davis
United States District Judge